UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ILANA IMBER-GLUCK, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware Corporation.<br><br>Defendant. | Case No. 5:14-CV-01070-RMW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS**<br><br>[Re: Docket No. 20] |

Google, Inc. ("Google"), a Delaware corporation with its headquarters and principal place of business in California, is a leading seller of software applications ("Apps") users can download onto their mobile computing devices. *See* Plaintiff's Class Action Complaint ("Compl."), Dkt. No. 1, ¶¶ 2-3. Plaintiff Ilana Imber-Gluck brings the instant class action complaint "on behalf of herself and other parents and guardians whose minor children: (a) downloaded from [Google] a free or modestly priced [App]; and (b) then incurred charges for in-game-related voidable purchases that the minor was induced by Google to make, without the parents' and guardians' knowledge or authorization." *Id.* at ¶ 1.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Google moves to dismiss plaintiff's class action complaint. Motion to Dismiss ("MTD"), Dkt. No. 20. The court GRANTS in part and DENIES in part Google's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following:

Google operates a digital distribution platform known as "Google Play" that permits users to browse and download applications developed for the Android operating system. Compl. ¶¶ 2-3. Apps, which are often games, are available through Google Play either free-of-charge or for a fee. *Id*. Many of these gaming Apps are designed to allow purchases of what Google refers to as "In-App Purchases" or "In-App Content," i.e., virtual supplies, cash, and content, which are designed to be used within the game itself ("Game Currency"). *Id.* at *¶* 3.

Prior to the purchase of content from Google Play, a user must establish a Google Play account. Compl. ¶ 18. Opening an account requires, among other things, creating a username and password, providing certain contact and personal information, and agreeing to Google's Terms of Service ("Terms of Service").[1] *Id*. In order to purchase content from Google Play, one typically supplies Google with a credit or debit card number or PayPal account through Google's "Google Wallet" function. *Id*. For each digital purchase, users who specify a credit, debit, or PayPal payment will have Google automatically draw funds from the account holder's specified credit or debit card or PayPal account. *Id.*

The purchase of an App or any Game Currency is a transaction completed directly between Google and the consumer. Compl. ¶ 17. Immediately prior to the purchase of content from Google Play, Google requires the account holder to enter her password. *Id.* at *¶* 19. Once the password is entered, the user is permitted to make subsequent purchases through her Google Play account for up to 30 minutes without reentering the password. *Id*.

In or around February 2012, plaintiff established a Google Play account utilizing her debit card and placed it on file to make future purchases of Google Play downloads and applications.

---

[1] The complaint refers to the Terms of Service as "Terms and Conditions." *See, e.g.*, Compl. ¶¶ 18, 38.

Compl. ¶10. In February 2014, plaintiff downloaded the App Marvel Run Jump Smash ("Run Jump Smash") onto her Samsung Galaxy Tab 2 10.1. *Id.* Within 30 minutes of permitting the download, one of plaintiff's minor sons made subsequent In-App Purchases of virtual content without plaintiff's authorization. *Id.* Plaintiff received an email notification that her Google Play account had been charged $65.95 for the purchased virtual content. *Id.*

On March 6, 2014, plaintiff filed a class action complaint, individually and on behalf of all others similarly situated, seeking monetary, declaratory, and equitable relief under California's contract laws, Consumers Legal Remedies Act, Business and Professions Code § 17200, et seq., and/or for unjust enrichment. Compl. ¶ 5. The complaint asserts claims for: (1) declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*; (2) violation of the California Consumers Legal Remedies Act; (3) violation of California's Unfair Competition Law; (4) unjust enrichment/restitution; and (5) breach of the duty of good faith and fair dealing. *See* Compl. In response, Google filed the instant motion to dismiss. *See* MTD.

## II. ANALYSIS

### A. Motions to Dismiss and Leave to Amend

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must make "factual allegations [that are sufficient] to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a motion to dismiss, a court must take all of the factual allegations in a complaint as true, but the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," or legal conclusions presented as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A trial court may also dismiss a claim *sua sponte* under Rule 12(b)(6) if it determines a claimant clearly cannot win relief. *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When an allegation involves fraud pursuant to Rule 9(b), a heightened pleading standard applies and a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). A motion to dismiss a complaint or claim grounded in fraud under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir.

2003). "If dismissal is granted under either Rule 12(b)(6) or 9(b), leave to amend should be allowed unless the pleading could not possibly be cured by the allegation of other facts." *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1040 (N.D. Cal. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) and *Vess*, 317 F.3d at 1108).

**B. Declaratory Judgment**

Plaintiff seeks a declaratory judgment by this court pursuant to 28 U.S.C. § 2201, *et seq*. that:

> (a) this action may proceed and be maintained as a class action; (b) the contracts between [d]efendant and the [c]lass members relating to the purchase of Game Currency are voidable at the option of the respective [c]lass members on behalf of their minor children; (c) if the [c]lass members elect to void the contracts, they will be entitled to restitution; (d) an award of reasonable attorneys' fees and costs of suit to [p]laintiff and the [c]lass is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well.

Compl. ¶ 50. Plaintiff's declaratory judgment claim rests on plaintiff's allegations that each purchase of Game Currency is a contract between Google and minor children, which parents can disaffirm. Google moves to dismiss plaintiff's declaratory judgment claim on two alternative grounds: (1) if the contracts are with plaintiff's minor child, plaintiff does not have standing to disaffirm the contracts; and (2) that the contracts in question are with plaintiff and not plaintiff's minor child.

### 1. Standing of Plaintiff to Disaffirm the Contracts of a Minor Child

Plaintiff alleges California Family Code § 6710 provides that the contract of a minor is voidable by disaffirmance by the minor or a parent or guardian on behalf of a minor. Compl. ¶¶ 46-49. Google argues that if any contracts were made with plaintiff's minor child, as plaintiff alleges, this claim should be dismissed as a matter of law because plaintiff does not have standing to disaffirm the contracts of her minor child as she did not sue on behalf of her minor child. MTD 3-5.

Plaintiff acknowledges that under California Family Code § 6710, the contract of a minor may only be disaffirmed by the minor, but argues that § 6710 only refers to which party in the transaction can disaffirm, averring "it would be untenable to require the minors (some younger than

Case No. 5:14-CV-01070-RMW  - 4 -
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

four years old) to knowingly express disaffirmance." MTD 6-7 (citing *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1036 n.4). However, plaintiff is incorrect in both her assumption that § 6710 requires the minor to "knowingly express disaffirmance" and that such a requirement would undermine the utility of § 6710. *Id.* at 7. As Google points out, express disaffirmance by the minor himself or herself is not required because a legal representative of the minor may bring the case on the minor's behalf. Google, Inc.'s Reply in Support of MTD ("Reply"), Dkt. No. 24, at 1.

The power to disaffirm a minor's contract does not extend to the minor's parents. *See I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1004-05 (N.D. Cal. 2012) (dismissing the claims of plaintiffs who did not bring their claims on behalf of their minor children). Because plaintiff did not bring suit on behalf of her minor child, she does not have standing to disaffirm any contracts made by her minor child.

**2. Contracts between Google and Minor Child**

Plaintiff has sufficiently alleged that each In-App Purchase constituted a contract with her minor son. Plaintiff's theory is that Google made an offer, in the form of all Game Currency Google presented for sale. Compl. ¶ 42. Plaintiff's minor son accepted that offer through his purchase of Game Currency from Google. *Id.* at ¶ 43.

Google argues that plaintiff's declaratory judgment claim should be dismissed as a matter of law because all purchases made on the plaintiff's account are governed by the Terms of Service, a contract between Google and Plaintiff. MTD 5-6. If, as Google argues, the contract is not with a minor, then the contract is not voidable under California Family Code § 6710. Google further contends that, as all purchases were "made through [p]laintiff's device, using [p]laintiff's Google Play account, and were billed to [p]laintiff," the Terms of Service control, which make plaintiff responsible for all transactions on her account. *Id.* at 5; *see also* Schmidtlein Decl. Ex. B (Dkt. No. 20-1), at 2.

Plaintiff responds that the Terms of Service do not control because the contracts at issue are the individual purchases of Game Currency by the minor, not the creation of plaintiff's Google Play account. Plaintiff's Opposition to MTD ("Opp."), Dkt. No. 23, at 4. Plaintiff argues that even if the

Terms of Service do control the contracts, the terms are ambiguous and thus subject to interpretation. *Id*. at 5.

Under California law, "courts may not dismiss on the pleadings when one party claims that extrinsic evidence renders the contract ambiguous. The case must proceed beyond the pleadings so that the court may consider the evidence." *A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc.*, 852 F.2d 493, 497 n.2 (9th Cir. 1988). However, if "the court decides that the contract is not reasonably susceptible to more than one interpretation, the court can reject the assertion of ambiguity." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1115 (9th Cir. 2012).

Plaintiff alleges that the term "authorized" is ambiguous and seeks to introduce extrinsic evidence as to whether the Terms of Service apply to contracts generated from unauthorized use of accounts. *Id*. Google counters that no extrinsic evidence is required to determine that the Terms of Service define the contract as between the plaintiff and Google. *See* Reply 4. Moreover, the term "authorized" does not appear in the relevant sections of the Terms of Service, and plaintiff does not allege that any other terms in the Terms of Service are ambiguous.

In sum, plaintiff's pleading is deficient in two regards. If the alleged contracts at issue are between plaintiff's minor child and Google, then plaintiff does not have standing to void the contracts on behalf of her child. She would have to sue in a representative capacity.  If the contracts are instead between plaintiff and Google, plaintiff has not alleged any terms actually present in the Terms of Service which might render the Terms of Service ambiguous or suggest that plaintiff is not liable for the allegedly unauthorized purchases by her minor sons. Therefore, the court GRANTS Google's motion to dismiss plaintiff's declaratory judgment claim, with leave to amend.

## C.  CLRA Claim

Plaintiff alleges Google violated the Consumers Legal Remedies Act ("CLRA") by concealing the ability to use real-world currency to purchase Game Currency in gaming Apps labelled as "free," with the intent of inducing minors to purchase said Game Currency. Compl. ¶ 54. In so doing, plaintiff alleges Google has violated: (1) Cal. Civ. Code § 1770(a)(5), by "representing that goods or services have sponsorship, approval, *characteristics*, ingredients, *uses*, benefits, or qualities that they do not have"; (2) Cal. Civ. Code § 1770(a)(7), by "representing that goods or

services are of a particular *standard*, *quality*, or grade . . . if they are of another"; and (3) Cal. Civ. Code § 1770(a)(14), by "representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Cal. Civ. Code § 1770 (emphasis added); *see also* Compl. ¶ 54. Plaintiff further alleges Google had a duty to disclose material facts about the Game Currency offered in Apps it "marketed, advertised, and promoted to children as 'free.'" *Id*. at ¶ 56.

Google argues plaintiff's CLRA claim is procedurally defective due to a failure to fulfill the heightened pleading requirements of Rule 9(b), which require that "in allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake" and that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." MTD 11; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (stating that Rule 9(b) always applies to claims of violation of the CLRA). Plaintiff argues that she has sufficiently alleged CLRA claims under Rule 9(b). Opp. 11.

A duty to disclose arises under the CLRA in four cases: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has the exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact." *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1142 (9th Cir. 2012) (quoting *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007)). A non-disclosed fact is material when the plaintiff can show that, had the fact been disclosed, the plaintiff would have been "aware of it and behaved differently." *Id.* (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1997)).

Plaintiff has sufficiently alleged that Google had a duty to disclose material facts about the Game Currency in the "games it marketed, advertised, and promoted to children as 'free.'" Compl. ¶ 56. Plaintiff has further specifically alleged the misrepresentations she was exposed to and the resulting harm. Plaintiff pled specific facts that Google "actively advertis[ed], market[ed], and promot[ed] certain gaming Apps as 'free.'" *Id.* at ¶ 69. Plaintiff has also alleged she was charged money after Game Currency was purchased without her authorization. *Id.* at ¶ 10.

Case No. 5:14-CV-01070-RMW - 7 -
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

Google argues plaintiff has not sufficiently alleged a claim for relief because "she fails to identify a single game that she downloaded that was 'free.'" MTD 12. In support, Google argues Run Jump Smash costs $0.99, attaching a printout of the Google Play page for the App. *See* Schmidtlein Decl. Ex. A (Dkt. No. 20-1). However, as plaintiff correctly points out, a district court generally "may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Nonetheless, plaintiff alleges she downloaded Run Jump Smash and "[i]n the 30 minutes after [she] permitted the download, a subsequent purchase was made in the Run Jump Smash game without her authorization." Compl. ¶ 10. Plaintiff further alleges she "was given no indication by Google that [she was] approving anything more than a single ninety-nine-cent ($0.99) transaction." *Id.* at ¶ 26. Because plaintiff did not authorize a purchase after the download, but did authorize a $0.99 purchase as part of the transaction, her allegation only makes sense if the purchase of the App was for $0.99. Additionally, plaintiff argues her usage of the term "free" was merely for brevity, and that a nominal cost, in all cases $0.99, was included in the term. Opp. 12.

The parties' dispute over the price of the App notwithstanding, it is clear from the complaint as a whole that "free" includes both free and nominally valued App purchases, such as those that cost $0.99. *See, e.g.*, Compl. ¶ 1 ("free or moderately priced application"); *Id.* at ¶ 22 ("free or cost a nominal charge"); *Id.* at ¶ 28 ("free or inexpensive (e.g. $0.99)"). Plaintiff sufficiently alleges that she purchased a free or nominally priced App. *See id.* at ¶ 10 (alleging plaintiff downloaded Run Jump Smash); *id.* at ¶ 26 (alleging plaintiff was given no indication she was approving more than $0.99).

However, plaintiff has failed to sufficiently allege that she relied upon Google's misrepresentation or that she would have behaved differently had she been aware of it. While plaintiff alleges she was charged $65.95 without her authorization and that Google gave her no indication that she was approving anything more than a $0.99 purchase, she fails to explicitly allege that she was unaware of either the 30-minute password duration or the ability to make In-App Purchases. Compl. ¶¶ 10, 26.

Case No. 5:14-CV-01070-RMW         - 8 -
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

Plaintiff has also not sufficiently alleged materiality because she has not alleged that she would have acted differently, had she been aware of the ability to make purchases without reentering her password. It seems clear from plaintiff's complaint and opposition to the motion to dismiss that plaintiff could allege facts sufficient to show reliance and materiality. Therefore, the court GRANTS Google's motion to dismiss plaintiff's CLRA claim, with leave to amend.

### D. Unfair Competition Law Claim

Plaintiff alleges Google violated California's Unfair Competition Law, Business & Professions Code § 17200, *et seq.* ("UCL"), through "unlawful," "unfair," and "fraudulent" business acts or practices and "unfair, deceptive or misleading" advertising. Compl. ¶¶ 62-74. The UCL "prohibits acts of 'unfair competition' defined as: (1) unlawful business acts or practices; (2) unfair business acts or practices; (3) fraudulent business acts or practices; and (4) unfair, deceptive or misleading advertising." *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1040. Rule 9(b)'s heightened pleading requirements apply to UCL "unfair" and "unlawful" business act or practice claims which are dependent upon allegations of fraudulent omissions and misrepresentations. *Id.* at 1039; *see also Kearns.*, 567 F.3d at 1126-27; *In re Facebook PPC Adver. Litig.*, 2010 WL 3341062, at *9 (N.D. Cal. Aug. 25, 2010).

Here, plaintiff's "unfair" and "unlawful" business practice claims are dependent upon allegations that Google made fraudulent misrepresentations and omissions regarding Google's free and nominally priced Apps, and therefore Rule 9(b)'s pleading requirements apply.

#### 1. Unlawful Business Acts or Practices

A business's violations of law are actionable "unlawful" business acts or practices under the UCL. *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1040 n. 7 (citing *In re Actimmune Marketing Litig.*, 2009 WL 3740648, at *15 (N.D. Cal. Nov. 6, 2009)). To state a claim for unlawful business acts or practices under the UCL, "it is not necessary that plaintiffs allege violation of the predicate laws with particularity; they must at a minimum, however, identify the statutory or regulatory provisions that defendants allegedly violated." *Id.* (quoting *Actimmune*, 2009 WL 3740648, at *15).

Plaintiff alleges Google committed an unlawful business act or practice in violation of the UCL when Google violated the CLRA. Compl. ¶ 68. Plaintiff does not allege any other statutory violation by Google as predicate to a claim for unlawful business acts or practices under the UCL. As previously discussed in the analysis of plaintiff's CLRA claim, plaintiff has not sufficiently alleged that Google has committed a CLRA violation. Because plaintiff has not sufficiently identified a statutory or regulatory provision that Google allegedly violated, plaintiff has failed to state a claim for "unlawful" business acts or practices under the UCL.

### 2. Unfair Business Acts or Practices

Under the UCL, "[a business] act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefit to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1040 (quoting *Tietsworth v. Sears, Roebuck and Co.*, 2009 WL 3320486, at *7 (N.D. Cal. Oct. 13, 2009)). For the purpose of alleging an "unfair" business act or practice, demonstrating "aggregate harm on consumers is sufficient to show substantial injury." *F.T.C. v. Inc21.com Corp.*, 688 F. Supp. 2d 927, 939 (N.D. Cal. 2010).

Plaintiff alleges she and class have suffered substantial harm in the aggregate by incurring Google Play charges that they did not explicitly authorize. Compl. ¶¶ 10, 72. Plaintiff also contends she could not have reasonably avoided the injury as she "was given no indication by Google that [she] was approving anything more than a single ninety-nine cent ($0.99) transaction" and that she was deceived by Google's practices. *Id.* at ¶¶ 26, 71. However, plaintiff does not allege that the harm of Google's purported unfair business act outweighs any countervailing benefit to consumers or to competition. Therefore, plaintiff has failed to sufficiently allege that Google has committed an "unfair" business practice or act under the UCL.

### 3. Fraudulent Business Acts or Practices

To state a claim for "fraudulent" business acts or practices under the UCL, "plaintiffs must allege with specificity that defendant's alleged misrepresentations: (1) were relied upon by the named plaintiffs; (2) were material; (3) influenced the named plaintiffs' decision to purchase the product; and (4) were likely to deceive members of the public." *Apple In-App Purchase Litig.*, 855

Case No. 5:14-CV-01070-RMW     - 10 -
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

F. Supp. 2d at 1041 (citing *Tietsworth*, 2009 WL3320486, at *8). The sufficiency of a plaintiff's UCL fraud claim may be analyzed together with the plaintiff's CLRA claim. *Id.* (citing *Kowalsky v. Hewlett-Packard Co.*, 2011 WL 3501715 (N.D. Cal. Aug. 10, 2011)).

As discussed above, plaintiff has not pled specific facts to support a claim for violation of the CLRA. Plaintiff has alleged that Google's business acts or practices were likely to deceive the public. Compl. ¶¶ 69, 71. However, plaintiff has failed to allege Google's misrepresentations were relied upon by plaintiff, were material, and influenced plaintiff's decision to purchase the product. Therefore, plaintiff has failed to sufficiently allege that Google has committed "fraudulent" business acts or practices under the UCL.

### 4. Unfair, Deceptive or Misleading Advertising

To state a claim for "unfair, deceptive or misleading" advertising under the UCL, "a plaintiff need merely allege that members of the public are likely to be deceived by defendants' conduct." *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1040 n. 10 (quoting *Actimmune*, 2009 WL 3740648, at *7).

Plaintiff alleges Google actively advertised, marketed and promoted certain gaming Apps as "free" with the intent to lure minors to purchase Game Currency in a manner likely to deceive the public. Compl. ¶ 69. Plaintiff alleges Google's deceptive practices have deceived and/or are likely to deceive members of the public. *Id.* at ¶ 71. Plaintiff has sufficiently alleged that Google has committed "unfair, deceptive or misleading" advertising under the UCL.

In sum, taking all factual allegations in the complaint as true, plaintiff has sufficiently pled a claim for "unfair competition" under the UCL through "unfair, deceptive or misleading" advertising. Plaintiff has failed to plead claims for "unfair competition" under the UCL through allegations of violations of "unlawful," "unfair," and "fraudulent" business acts or practices.

The court GRANTS Google's motion to dismiss Plaintiff's UCL claim for violations of "unlawful," "unfair," and "fraudulent" business acts or practices with leave to amend. The court DENIES Google's motion to dismiss plaintiff's UCL claim for violations of "unfair, deceptive or misleading" advertising.

### E. Unjust Enrichment and Restitution

Plaintiff alleges that Google has been unjustly enriched at the expense of plaintiff and class by collecting money Google is not entitled to. Compl. ¶ 79. Plaintiff further alleges that she and the class are entitled to recover from Google all amounts wrongfully collected and improperly retained by Google, plus interest. *Id*. at ¶ 80.

Google argues that the Ninth Circuit has held that "unjust enrichment 'does not describe a theory of recovery' under California law." MTD 7 (quoting *In re Sony PS3 "Other OS" Litigation*, 551 F. App'x 916, 923 (9th Cir. 2014)). Rather than a theory of recovery, Google argues that unjust enrichment is a principle "underlying various legal doctrines and remedies." *Id*. (citing *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 932 (N.D. Cal. 2012)).

Plaintiff argues in response that recent Ninth Circuit precedent runs contrary to Google's argument. Opp. 7. The most recent Ninth Circuit decision on the subject incorporates unjust enrichment as an independent claim. *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) (providing the elements of unjust enrichment as the "receipt of a benefit and unjust retention of the benefit at the expense of another") (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2000); s*ee also Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1042 (permitting a claim for unjust enrichment under similar circumstances); *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1088 (N.D. Cal. 2012) (holding plaintiff could proceed with unjust enrichment claim at the motion to dismiss stage).

Google's argument that the court should ignore *Berger* is unpersuasive. Reply 7. While Google is correct that the issue in that case was class certification, the Ninth Circuit first discussed unjust enrichment as a claim before determining that the plaintiff's claim for unjust enrichment was not susceptible to class treatment in that specific case. *Berger*, 741 F.3d at 1070. Other recent cases also point to unjust enrichment as a cause of action in California. *See Gabriel v. Alaska Elec. Pension Fund*, No. 12-35458, 2014 WL 2535469, at *8 (9th Cir. June 6, 2014) (noting that "the remedy of surcharge is available against the fiduciary 'for benefits it gained through unjust enrichment'" (quoting *Skinner v. Northrop Grumman Retirement Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012)) ; *E.J. Franks Construction, Inc. v. Sohota*, F066327, 2014 WL 2526978, at *1 (Cal. Ct.

App. June 5, 2014) (allowing plaintiff to bring unjust enrichment claims to trial); *People v. Sarpas*, 255 Cal. Rptr. 3d 25, 47 (2014) (holding "plaintiffs had 'stated a valid cause of action for unjust enrichment'" (quoting *Hirsch v. Bank of America*, 107 Cal. App. 4th 708, 722 (2003)).

Google's suggestion that the court follow an unpublished, non-precedential report is similarly unpersuasive. Even permitting that *Berger* did not expressly hold that California law recognizes an unjust enrichment cause of action, the factually analogous *In re Apple In-App Purchase Litigation* allowed the plaintiffs to proceed with an unjust enrichment claim at the motion to dismiss stage. *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1042. Therefore, the court DENIES Google's motion to dismiss plaintiff's claim for unjust enrichment.

## F. Breach of Duty of Good Faith and Fair Dealing

Plaintiff alleges Google breached its contractual duty of good faith and fair dealing with plaintiff and class. Compl. ¶¶ 82-89. Plaintiff specifically alleges Google engaged in conduct apart from its agreement[2] with plaintiff and class, without good faith, "for the purpose of depriving plaintiff and . . . class of rights and benefits under the contract, to wit, a sales transaction for an item the consumer *intended* to purchase." *Id.* at ¶¶ 85, 87 (emphasis in original). Google argues plaintiff's claim fails as a matter of law because under California law the implied covenant cannot be used to negate an express term of the parties' contract to which plaintiff agreed. MTD 9-10. Google also argues plaintiff's claim fails because the implied covenant cannot be used to impose additional terms and duties to a contract – i.e. imposing that a consumer's "inten[t] to purchase" is a condition precedent to engaging in an enforceable sales transaction with Google. *Id.* at 10-11

Every contract in the state of California contains an implied covenant of good faith and fair dealing that neither party will injure the right of the other party to receive the benefits of the agreement. *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1041 (citing *Wolf v. Walt Disney Pictures & Tel.*, 162 Cal. App. 4th 1107, 1120 (2008)). The covenant is implied in every contract in order to protect the express covenants or promises of the contract. *Id.* at 1041-42 (citing *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 373 (1992)). The

---

[2] "Agreement" refers to the Terms of Service to which each member of the class agreed when they opened a Google Play account.

Case No. 5:14-CV-01070-RMW - 13 -
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

covenant will not be implied "to prohibit a party from doing that which is expressly permitted by the agreement itself." *Id.* at 1042 (citing *Carma*, 2 Cal. 4th at 373). The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 779 (9th Cir. 2003) (quoting *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 350 (2000)). "To establish a claim for breach of the implied covenant of good faith and fair dealing, [p]laintiffs must show that [defendant] lacked subjective good faith in the validity of its act or the act was intended to and did frustrate the common purpose of the agreement." *Apple In-App Purchase Litig.*, 855 F. Supp. 2d at 1042 (citing *Carma*, 2 Cal. 4th at 373).

  Here, Google's Terms of Service signed by plaintiff and class expressly provides that signees are "responsible for the activity that happens on or through [their] Google account[s]." Schmidtlein Decl. Ex. B (Dkt. No. 20-1) at 2. This express provision agreed to by plaintiff and class entitles Google to bill plaintiff and class's Google Play accounts for charges incurred through such activity regardless of their intent. However, plaintiff has alleged that Google encouraged children to make In-App Purchases, without providing notice to the parent or guardian of the 30-minute window in which the account holder's password is not required to make subsequent purchases. Compl. ¶ 29. Such acts may frustrate the common purpose of the agreement by forcing parents to pay for purchases that Google induced parents' minor children to make.

  Therefore, plaintiff has sufficiently pled facts which would demonstrate how Google breached the duty of good faith and fair dealing. Accordingly, the court DENIES Google's motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and dealing.

### III.  ORDER

  For the reasons explained above, the court orders as follows with respect to each of the claims at issue:

- Declaratory Judgment: Dismissed with 30 days leave to amend.
- CLRA: Dismissed with 30 days leave to amend.

Case No. 5:14-CV-01070-RMW  - 14 -
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

- UCL
  - Unlawful business practices or act: dismissed with 30 days leave to amend.
  - Unfair business practices or act: dismissed with 30 days leave to amend.
  - Fraudulent business acts: dismissed with 30 days leave to amend.
  - Unfair, deceptive or misleading advertising: not dismissed.
- Unjust Enrichment and Restitution: Not dismissed.
- Breach of Good Faith and Fair Dealing: Not dismissed.

Dated: July 21, 2014

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge