Megan Dixon (Cal. Bar No. 162895)
HOGAN LOVELLS US LLP
Three Embarcadero Center
Suite 1500
San Francisco, CA 94111
Tel:  (415) 374-2300
Fax:  (415) 374-2499
megan.dixon@hoganlovells.com

John E. Schmidtlein (Cal. Bar No. 163520)
James H. Weingarten (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel:    (202) 434-5000
Fax:    (202) 434-5029
jschmidtlein@wc.com
jweingarten@wc.com

Corey W. Roush (*pro hac vice*)
John R. Robertson (*pro hac vice*)
Logan Michael Breed (*pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20005
Tel:    (202) 637-5600
Fax:    (202) 637-5910
corey.roush@hoganlovells.com
robby.robertson@hoganlovells.com
logan.breed@hoganlovells.com

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

A.B., a Minor, by and through his Guardian
ILANA IMBER-GLUCK; ILANA-
IMBERGLUCK; K.R., a Minor, by and
through her Guardian KRISTOPHER
MARTINEZ; KRISTOPHER MARTINEZ;
T.W., a Minor, by and through his Guardian
GENA WALZ; GENA WALZ, individually
and on behalf of all others similarly situated,

                    Plaintiffs,

v.

GOOGLE INC.,

                    Defendant.

Case No. 14-CV-01070-RMW

**DEFENDANT GOOGLE INC.'S
NOTICE OF MOTION AND MOTION
TO DENY CLASS CERTIFICATION;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

Hearing Date:  April 3, 2015
Hearing Time:  9:00 a.m.
Judge:  Hon. Ronald M. Whyte
Dept.:  Courtroom 6, 4th Floor

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

NOTICE OF MOTION AND MOTION.............................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES...................................................1

I.      FACTUAL AND PROCEDURAL BACKGROUND ........................................2
        A.      The First Amended Complaint's Allegations...............................2
        B.      Google's Settlement with the FTC ................................................3

II.     ISSUES TO BE DECIDED................................................................................5

III.    ARGUMENT .....................................................................................................6
        A.      Plaintiffs' Putative Class Action Is Not Superior to Google's Settlement
                of This Controversy with the Federal Trade Commission. ....................7
        B.      Plaintiffs Do Not Adequately Represent the Proposed Classes. ...........12

IV.     CONCLUSION ................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ...................................................6

*Delarosa v. Boiron, Inc.*, 275 F.R.D. 582 (C.D. Cal. 2011).........................................12

*In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748 (7th Cir. 2011).....................................13, 14

*In re ConAgra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689 (N.D. Ga. 2008)...........................................................................................................................10

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 214 F.R.D. 614 (W.D. Wash. 2003)........................................................................................................................10

*Kamm v. Cal. City Dev. Corp.*, 509 F.2d 205 (9th Cir. 1975).........................................passim

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012)........................................6

*Pagan v. Abbott Labs, Inc.*, 287 F.R.D. 139 (E.D.N.Y. 2012)..........................................10

*Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359482 (N.D. Ohio Nov. 17, 2006) ..............................................................................10

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) ....................................7

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009)..................................6

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)................................................6

*Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472 (S.D. Cal. 2013) ..................................13

*Webb v. Carter's Inc.*, 272 F.R.D. 489 (C.D. Cal. 2011)...............................................9, 10

## OTHER AUTHORITIES

Cal. Civ. Code § 3294 ......................................................................................................12

Dissenting Statement of Commissioner Joshua D. Wright, *In The Matter of Apple, Inc.*, FTC File No. 1123108 (Jan. 15, 2014) ............................................12

Fed. R. Civ. Pro. 23 ......................................................................................................6, 12

GOOGLE INC.'S MOTION TO DENY CLASS CERTIFICATION
CASE NO. 14-CV-01070-RMW

1

**NOTICE OF MOTION AND MOTION**

2        Please take notice that on Friday, April 3, 2015 at 9:00 a.m., Defendant Google Inc.

3   ("Google") will, and hereby does, move this Court for an order denying certification of the

4   putative classes described in the First Amended Class Action Complaint ("FAC").  The

5   grounds for this Motion are set forth in the Memorandum of Points and Authorities in support

6   thereof and the arguments submitted at hearing on this Motion.

7

8

**MEMORANDUM OF POINTS AND AUTHORITIES**

9        This lawsuit was filed in March 2014, over eighteen months after the Federal Trade

10   Commission ("FTC") initiated an industry-wide investigation, that included Google, into the

11   same conduct that is the subject of this case.  The lawsuit also came months after the

12   announcement of the first settlement (between Apple and the FTC) resulting from that

13   industry-wide investigation.   Plaintiffs appear to have copied the FTC's general allegations in

14   the Apple settlement in alleging that Google charged account holders for unauthorized

15   purchases made by minor children while playing mobile gaming applications ("apps")

16   downloaded onto their parents' mobile devices.  Plaintiffs seek to represent two putative

17   classes whom Plaintiffs allege are entitled to refunds for unauthorized in-app purchases.

18

19        No class should be certified.  Google has entered into a comprehensive settlement with

20   the FTC that addresses the conduct alleged in this lawsuit and provides for full restitution to

21   customers who were charged for unauthorized purchases made by their minor children.  In

22   light of this settlement, there is no basis for certifying any class in this case.

23

24        First, this putative class action is not a superior means for adjudicating and resolving

25   the claims asserted in this litigation given the substantial relief that Google has already

26   provided and continues to provide as part of its settlement with the FTC.  This settlement

27   provides full refunds to Google Play account holders for unauthorized in-app purchases made

28

- 1 –

by minor children.[1]   As a result, this lawsuit promises a substantial expenditure of judicial time and resources where full relief already is available to the putative class and there is no realistic prospect that a class action will result in any greater relief.  Accordingly, Plaintiffs cannot satisfy the superiority requirement set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Second, the named Plaintiffs cannot adequately represent the interests of the putative classes as required by Federal Rule of Civil Procedure 23(a)(4).  Pursuing costly litigation to achieve relief that already exists cannot possibly be in the interests of putative class members. The named Plaintiffs' interest in proceeding with this lawsuit and incurring attorneys' fees and expenses under these circumstances renders them inadequate class representatives and provides another independent basis for denying class certification.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The First Amended Complaint's Allegations

Plaintiffs allege that "[t]his case arises from parents and guardians whose minor children: (a) downloaded from Defendant a free or modestly priced application ("App"), in most cases video games targeted to minor children; and (b) then incurred charges for in-game-related voidable purchases that the minor was induced and enabled by Google to make, without the parents' and guardians' knowledge or authorization."  FAC ¶ 1.[2]  The FAC further alleges that, once a Google Play user enters his or her password, "Google permits the user, even if a minor, to make In-App Purchases and buy Game Currency for up to 30 minutes without

---

[1]  The FTC settlement also includes provisions that ensure that Google will not in the future charge a Google Play account holder for an in-app purchase without having obtained the account holder's express, informed consent.

[2]  The original Complaint in this action was the subject of a motion to dismiss, which the Court granted in part and denied in part.  *See* Dkt. No. 39.  In response to the Court's ruling on that motion, the FAC was filed and is now the operative complaint.  Dkt. No. 47.

reentering the password (the "30-minute window")." *Id.* ¶ 4.  According to Plaintiffs, "[t]his practice enables minors to make these In-App Purchases, in one-click large-dollar-amount sums, without entering a password, . . .  and without the authorization of their parents."  *Id.*; *see also id.* ¶ 23.

Plaintiffs seek to certify two classes of persons who have allegedly incurred unauthorized charges for in-app purchases made from the Google Play store: (1) a "Minor Class" comprising "[a]ll persons in the United States who purchased Game Currency at any time when they were younger than 18 years of age," *id.* ¶ 37, and (2) a "Parent Class" of "[a]ll persons in the United States who paid for an unauthorized purchase of Game Currency made by their minor children." *Id.* ¶ 38.

Plaintiffs seek equitable relief in the form of restitution and/or disgorgement of funds paid to Google for unauthorized in-app purchases made by minor children, *id.* ¶¶ 73, 90; and/or damages for the alleged unauthorized charges. *Id.* ¶¶ 72, 74, 98, 106.  Plaintiffs do not seek, and nowhere claim that they suffered, any damages beyond the amount charged for the allegedly unauthorized in-app purchases made by minor children.

**B.     Google's Settlement with the FTC**

On September 4, 2014, the FTC announced that it had entered into an Agreement Containing Consent Order ("the FTC Settlement") with Google to resolve the issues that had been the subject of the FTC investigation and which form the basis for Plaintiffs' FAC. *See* FTC Press Release (Sept. 4, 2014), *available at* http://www.ftc.gov/news-events/press-releases/2014/09/google-refund-consumers-least-19-million-settle-ftc-complaint-it.  The FTC Settlement was made public and a comment period was provided to allow for public comments on the proposed settlement.  At the conclusion of the comment period, the FTC voted to

GOOGLE INC.'S MOTION TO DENY CLASS CERTIFICATION
CASE NO. 14-CV-01070-RMW

approve the settlement.  On December 2, 2014, an FTC Complaint and a Decision and Order effectuating the relief set forth in the FTC Settlement were filed.[3]

The allegations in the FAC mirror those in the FTC Complaint.  The FTC Complaint alleged that Google had "not obtained an account holder's informed consent before billing for in-app charges incurred by children."  FTC Compl. ¶ 17; *see also id*. at 8 ("Count I:  Unfair Billing of In-App Charges").  The FAC alleges that account holders "incurred charges for in-game related voidable purchases that the minor [made] without the parents' and guardians' knowledge or authorization."  FAC ¶ 1.  The FTC Complaint further alleged that "Google did not inform account holders that password entry [in the Google Play Store] begins a window during which users can incur unlimited charges without further action by the account holder," *id*. ¶ 17, and that consumers and their children allegedly "were unaware that in-app activities would result in real monetary loss."  *Id*. ¶ 21.  The FAC similarly notes a "30-minute window" where purchases could be made by minors without a password and without parental authorization.  FAC ¶ 4.

The FTC Settlement provides that Google will "provide full refunds to Account Holders who have been billed by Google for unauthorized In-App Charges incurred by minors."  Decision & Order § II.[4]  It further provides that "Google shall provide an electronic notice to any Account Holder who has made an In-App Purchase prior to entry of the order"

---

[3]  The Parties submitted a copy of the Decision and Order, as well as the FTC Complaint that was filed contemporaneously with it, to the Court on December 16, 2014.  *See* Dkt. No. 55. These documents, as well as a copy of the publicly-available Agreement Containing Consent Order that Google entered into with the FTC, are attached to this Motion as Exhibits A (Decision and Order), B (Complaint), and  C (Agreement Containing Consent Order).  For ease of reference, both the Decision and Order and the Agreement Containing Consent Order are referred to herein as the "FTC Settlement" unless otherwise specified.

[4]  Google may decline a refund request "only if it has sufficient credible evidence that the refund request is fraudulent."  Decision and Order § II.A.

and shall do so "within fifteen (15) days after entry of the order." *Id.* § II.F.  Google will make refunds available to those eligible until the "Consumer Redress Period" ends on the "first anniversary" of the entry Decision & Order.  *Id*. § II.G & p. 3 (defining "Consumer Redress Period").  Google is required to pay no less than $19 million in refunds, and there is no ceiling on the amount of qualifying refunds Google will pay.  *Id*. § II.D.  In addition to providing full refunds to consumers, Google confirmed that it would charge  account holders for in-app purchases only if an account holder had provided express, informed consent for the charge.  *Id*. § I.

Google began notifying approximately 17 million Google Play account holders in December 2014 about the availability of refunds pursuant to the FTC Settlement.  Breithaupt Decl. ¶ 3.  As of February 20, 2015, Google has refunded more than the $19 million required pursuant to the FTC Decision and Order.  *Id*. ¶ 4.  Consumers have until December 2, 2015, to submit refund requests under the FTC settlement.

## II.    ISSUES TO BE DECIDED

1.    Whether class action litigation is a superior method for adjudicating Plaintiffs' claims under Rule 23(b)(3), where the FTC Settlement addresses the same controversy and provides full refunds to Google Play users who allegedly were billed for minors' unauthorized in-app purchases.

2.    Whether the named Plaintiffs will fairly and adequately represent the interests of the putative classes as required by Rule 23(a)(4), when they propose to continue litigating this action despite Google's agreement to provide refunds to putative class members.[5]

---

[5]  This Motion addresses only the adequacy of representation and superiority requirements in Rules 23(a)(4) and 23(b)(3), respectively.  If the Court denies the present Motion, Google reserves its rights to contest class certification on these or any other grounds if Plaintiffs subsequently file an affirmative motion seeking class certification.

### III.    ARGUMENT

It is "clear that individualized monetary claims," like those brought by Plaintiffs here, "belong in Rule 23(b)(3)."  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011).  A plaintiff must clear two separate hurdles to certify a class under Rule 23(b)(3).  The first is Rule 23(a)'s four threshold requirements, which are applicable to all class actions— numerosity, commonality, typicality, and adequacy of representation.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  The second is Rule 23(b)(3)'s dual requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The trial court has broad discretion in deciding whether plaintiff has met these hurdles.  "'If he applies the correct criteria to the facts of the case, the decision should be considered to be within his discretion.'"  *Kamm v. Cal. City Dev. Corp.*, 509 F.2d 205, 210 (9th Cir. 1975) (quoting *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 793 (10th Cir. 1970)).

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate [her] compliance with the Rule . . . ."  *Dukes*, 131 S. Ct. at 2551.   District courts must conduct a "rigorous analysis" of whether the party seeking certification has satisfied Rule 23's prerequisites. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (internal quotation marks omitted).  That a defendant has moved to deny class certification does not alter or relieve the plaintiff's burden of proving that all of Rule 23's requirements are satisfied.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 n.9 (9th Cir. 2009).

Plaintiffs' proposed class action promises prolonged and expensive litigation with virtually no likelihood that Plaintiffs will (a) successfully demonstrate that they meet all of the

other requirements of Rule 23, (b) establish liability, and (c) obtain damages or relief beyond that already provided for by the FTC Settlement.  Indeed, even at this early stage in the litigation, it is clear that Plaintiffs will not be able to demonstrate that the class action vehicle is superior to other available means of fairly adjudicating this case or that they would be adequate class representatives.  Where, as here, Google already has agreed to make Google Play account holders whole by providing them with full refunds for minors' unauthorized purchases, Plaintiffs cannot demonstrate that a class action is a superior method for resolving any claims.  Nor can Plaintiffs demonstrate that they will adequately represent the interests of the putative classes when they insist on attempting to prosecute a class action to obtain relief already being offered.  Each of these shortcomings provides an independent basis for denying class certification in this case.

### A.   Plaintiffs' Putative Class Action Is Not Superior to Google's Settlement of This Controversy with the Federal Trade Commission.

"A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996).  Here, Google's settlement with the FTC has addressed the same controversy that is the subject of the present lawsuit and provides more than adequate relief to putative class members.  Controlling Ninth Circuit precedent confirms that Plaintiffs' proposed class action is not superior to the comprehensive resolution of this matter that already has been reached between the FTC and Google.

In *Kamm v. California City Development Corp.*, 509 F.2d 205 (9th Cir. 1975), the Ninth Circuit addressed analogous factual circumstances and affirmed the district court's  grant of defendants' motion to dismiss the plaintiffs' class action allegations on superiority grounds. The plaintiffs in *Kamm* sought to represent 59,000 members of a putative class of investors in a

GOOGLE INC.'S MOTION TO DENY CLASS CERTIFICATION
CASE NO. 14-CV-01070-RMW

desert land development called "California City." *Id.* at 206–07.  The plaintiffs charged that

defendants, the promoters of California City, defrauded the investors by failing to disclose

fully the nature of the property and the risks inherent in the investment plan. *Id.* at 207.  The

defendants moved to dismiss the class action and strike the class allegations on the ground that

they had settled the same controversy in an action commenced by the California Attorney

General and Real Estate Commissioner. *Id.* at 207.  In their settlement with the government,

the defendants stipulated to entry of judgment without admitting the allegations in the

government's complaint and agreed to provide offers of restitution to certain members of the

putative class. *Id.* at 208.  Other putative class members would not automatically receive

relief, but could bring individual claims, and the lead defendant agreed to use best efforts to

establish a program to settle future disputes and agreed to inform the Attorney General's office

of how such claims were resolved. *Id.*  The defendants also were permanently enjoined from

engaging in deceptive sales practices and from making or disseminating any false or

misleading representations relating to the sale of real property in California City. *Id.*

      The Ninth Circuit affirmed the district court's holding that a proposed class action is

not a superior method of adjudication when "state action had already been commenced . . .

with respect to the same controversy and relief had been obtained." *Id.* at 207.  The relevant

inquiry is not whether the state action overlaps perfectly with the proposed class action. *See id.*

at 213.  Instead, it is whether the government investigation and settlement generally involved

the same conduct and afforded relief to those allegedly injured by that conduct. *Id.*  The

proposed class action in *Kamm* was not superior for a number of reasons, including that:  (i) a

class action would require a "substantial expenditure of judicial time which would largely

duplicate" work from the government settlement; (ii) a class action "would involve 59,000

1    buyers in separate transactions over a 14 year period, with some of the buyers desiring to retain

2    their land"; (iii) "[s]ignificant relief had been realized in the state action" through restitution

3    and injunctive relief; (iv) class members retained the right to bring individual claims; and (v)

4    "[d]efending a class action would prove costly . . . and duplicate in part the work expended

5    over a considerable period of time in the state action." *Id*. at 212.

6

7          The superiority analysis in *Kamm* applies with equal (if not greater) force here and

8    compels the same result—denial of class certification.  Like the settlement in *Kamm*, Google's

9    settlement with the FTC addresses the same conduct alleged in Plaintiffs' complaint and

10   provides relief for that conduct.  Google has sent notice to approximately 17 million current

11   and former Google Play account holders regarding the availability of refunds and has paid

12   more than $19 million to account holders who requested refunds.  Breithaupt Decl. ¶¶ 3-4.

13   Like the settlement in *Kamm*, a class action here would require expenditure of substantial

14   judicial resources merely to replicate the work already accomplished by the government.  In

15   fact, the FTC settlement here covers the entire putative class and provides for full refunds—a

16   degree of recovery which exceeded the settlement relief in *Kamm*.[6]

17

18         Others courts similarly have found that a defendant's provision of refunds to putative

19   class members demonstrates that a class action is not a superior method of adjudicating a

20   controversy.  In *Webb v. Carter's Inc.*, 272 F.R.D. 489, 493–94 (C.D. Cal. 2011), plaintiffs

21   brought a putative class action against a children's clothing manufacturer for irritations caused

22   by "tagless labels," asserting claims under California's Unfair Competition Law ("UCL") and

23   Consumer Legal Remedies Act (CLRA)  The court found the proposed class action was not

24

25

26

27

28

---

[6] In *Kamm*, not all members of the putative class were protected by the settlement, nor were class members recovering an amount "that is even close to that sought in the class action." *Id.* at 211.

GOOGLE INC.'S MOTION TO DENY CLASS CERTIFICATION
CASE NO. 14-CV-01070-RMW

superior because the defendant's refund policy provided the very relief that the plaintiffs sought. *Id*. at 504–05. The court in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 214 F.R.D. 614 (W.D. Wash. 2003), similarly denied class certification in light of a refund program, noting that "[i]t makes little sense to certify a class where a class mechanism is unnecessary to afford the class members redress." *Id*. at 622; *see also Pagan v. Abbott Labs, Inc.*, 287 F.R.D. 139, 151 (E.D.N.Y. 2012) (court held that a class action regarding tainted infant formula failed the superiority requirement because the defendant had initiated a voluntary recall and refund program, and therefore "rational class members would not choose to litigate a multiyear class action just to procure refunds that are readily available here and now." (internal quotation marks omitted)); *In re ConAgra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 699–702 (N.D. Ga. 2008) (court held that a class action was not superior where the defendant already had a voluntary program to refund consumers for possibly contaminated peanut butter). While those cases involved voluntary refund policies and not government-mandated refunds, the logic of those cases applies with equal, if not greater, force here because the FTC Settlement is binding on Google.

The proposed class action in this case is not superior—and in fact is *inferior* to the FTC Settlement—for several additional reasons.

*First*, the FTC Settlement is costless to class members and the Court, while the putative class action will result in attorneys' fees and costs in pursuit of the same relief and will necessarily involve the expenditure of significant judicial resources. "[P]otential class members will often recover more [from a government settlement] than they would in a private action when costs and attorneys' fees are factored in." *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359482, at *3 (N.D. Ohio Nov. 17, 2006). Where, as here,

full refunds can be had without any cost to consumers and without the expenditure of any

additional resources, it is clear that this class action is not a superior method for adjudicating

this controversy.

*Second*, Google's issuance of refunds to account holders already raises substantial

issues regarding the composition and manageability of the putative class action.  Putative class

members who have received full refunds have no further claims for restitution or compensatory

damages.  The Court will be saddled with the burden of weeding out such individuals from the

proposed class action.  And if Plaintiffs continue to press their claims, demonstrating that each

class member was injured because his or her purchases were unauthorized will not be

susceptible to class-wide proof.  That inquiry will have to take place on an individualized

basis, thus resulting in individual issues predominating over common ones in contravention of

Rule 23(b)(3).

*Third*, Google already has affected broad notice to approximately 17 million current

and former Google Play account holders that refunds are available, and the use of a class action

procedure is not superior to Google's ongoing notification and payment processes.  Any

additional class notification procedures would result in additional expenses merely to duplicate

notice that already has occurred and risks confusing account holders as to the availability of

refunds.

To the extent that Plaintiffs argue that a class action is a superior method for

adjudicating this matter because the FTC settlement does not provide for punitive damages, the

argument should be rejected out of hand.  As an initial matter, neither the original Complaint

nor the FAC includes a request for punitive damages.  But even if Plaintiffs did assert such a

claim, the fact that a government settlement does not provide all of the relief a putative class

- 11 -

may seek does not make the class action superior.  In *Kamm*, the Ninth Circuit held that a

government settlement was superior to a proposed class action even when the government

settlement provided *no relief* to a group of named plaintiffs and part of the putative class.  *See*

509 F.2d at 208.  That Plaintiffs hold out some hope for (a) certifying a class under Rule 23,

(b) establishing liability, and (c) meeting the enormously high standard for winning punitive

damages in this case cannot possibly satisfy their burden of proving that a class action is

superior to a FTC settlement that provides for full restitution.[7]

### B.    Plaintiffs Do Not Adequately Represent the Proposed Classes.

A class action may not proceed unless "the representative parties will fairly and

adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Plaintiffs' attempt to

move forward with a class action is foreclosed for the independent reason that they fail to fairly

and adequately protect the interests of the proposed classes.  Expensive, duplicative litigation

that does not provide additional relief to class members -- and would likely reduce the refund a

proposed class member received through the class action versus the already available refund

program -- does not adequately protect class members' interests.  Any plaintiff seeking to

maintain such an action is an inadequate representative of the class.

"A representative who proposes that high transaction costs (notice and attorneys' fees)

be incurred at the class members' expense to obtain a refund that already is on offer is not

---

[7] "[F]or Plaintiff to receive punitive damages under the CLRA, she must establish that Defendant was 'guilty of oppression, fraud, or malice'" pursuant to Cal. Civ. Code § 3294(a). *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 589 n.3 (C.D. Cal. 2011).  Plaintiffs cannot possibly meet that standard—particularly where, as here, the conduct at issue unquestionably benefits the overwhelming majority of consumers while arguably harming a relatively small group of others.  *See* Dissenting Statement of Commissioner Joshua D. Wright, *In The Matter of Apple, Inc.*, FTC File No. 1123108 (Jan. 15, 2014).  Commissioner Wright was recused from the Google case.

GOOGLE INC.'S MOTION TO DENY CLASS CERTIFICATION
CASE NO. 14-CV-01070-RMW

adequately protecting the class members' interests." *In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 752 (7th Cir. 2011).  In *Aqua Dots*, the defendant voluntarily provided refunds or replacement products to all consumers who returned the recalled "Aqua Dots" product that the defendant manufactured. *Id.* at 750.  In affirming the district court's denial of class certification, the Seventh Circuit held that, since consumers were unlikely to benefit in the proposed litigation beyond the refunds that they had already received, the plaintiffs were not adequately representing the interests of the proposed class as Rule 23(a)(4) requires.[8]  *See Id.* at 753.  Rather, "[t]he principal effect of class certification . . . would be to induce the defendants to pay the class's lawyers enough to make them go away." *Id.*

At least one other court in this Circuit has relied on *Aqua Dots* for the principle that, when a defendant is already compensating consumers for the harm that they allegedly suffered, a plaintiff is not "fairly and adequately protecting the interests of the class . . . because [she is] pursuing a remedy that is already available through a costly, drawn-out, and unnecessary class action lawsuit." *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 488 (S.D. Cal. 2013).  In *Waller*, after the plaintiff filed suit, the defendant offered consumers a free software update that remedied the issue underlying plaintiff's claims. *Id.* at 487.  In denying class certification, the court held that the plaintiff was not "protecting the class's interests under Rule 23(a)(4) by pursuing litigation to obtain a restitution remedy that is already on offer in the form of the software update." *Id.* at 490.

---

[8]  In *Aqua Dots*, the Seventh Circuit rejected the district court's reasoning that class certification also should be denied on superiority grounds, holding that a private recall and voluntary refund program did not constitute an "adjudication" under Rule 23(b)(3).  654 F.3d at 751 (internal quotation marks omitted).  *Aqua Dots*' analysis regarding the superiority of a voluntary refund program is distinguishable from the present case, where the FTC Settlement has been implemented through a Consent Order.

- 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, Plaintiffs cannot claim that class action litigation adequately protects the interest of the proposed classes in light of the relief already available to class members via the FTC Settlement.  When a plaintiff "proposes that high transaction costs (notice and attorneys' fees) be incurred at the class members' expense to obtain a refund that already is on offer," then the plaintiff "is not adequately protecting the class members' interests."  *Aqua Dots*, 654 F.3d at 752.  Plaintiffs cannot meet their burden of showing how the proposed class action furthers the interests of putative class members.  The proposed class should be denied.

## IV.    CONCLUSION

A class action is not a superior method of adjudicating the controversy raised in this case.  Nor do Plaintiffs adequately represent the interests of the putative class members.   Class certification should be denied.


Dated:  February 24, 2015

By:  /s/ John E. Schmidtlein
John E. Schmidtlein (Cal. Bar No. 163520)
James H. Weingarten (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel:    (202) 434-5000
Fax:    (202) 434-5029
jschmidtlein@wc.com
jweingarten@wc.com

Megan Dixon (Cal. Bar. No. 162895)
HOGAN LOVELLS US LLP
Three Embarcadero Center
Suite 1500
San Francisco, CA 94111
Tel: (415) 374-2300
Fax: (415) 374-2499
megan.dixon@hoganlovells.com

Corey W. Roush (*pro hac vice*)
John R. Robertson (*pro hac vice*)
Logan Michael Breed (*pro hac vice*)

- 14 –

HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20005
Tel:    (202) 637-5600
Fax:    (202) 637-5910
corey.roush@hoganlovells.com
robby.robertson@hoganlovells.com
logan.breed@hoganlovells.com

Attorneys for Defendant Google Inc.

.

### ATTESTATION

I, James Weingarten, am the ECF User whose ID and password are being used to file this document, and I attest that concurrence in the filing of this document has been obtained from the signatory to this document.

/s/ James H. Weingarten
James Weingarten

GOOGLE INC.'S MOTION TO DENY CLASS CERTIFICATION
CASE NO. 14-CV-01070-RMW