UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILANA IMBER-GLUCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.  5:14-cv-01070-RMW<br><br>**ODER GRANTING MOTION TO DENY CLASS CERTIFICATION**<br><br>Re: Dkt. No. 59 |

Defendant Google Inc. ("Google") moves to deny certification of the putative classes described in plaintiffs' First Amended Complaint ("FAC"). Dkt. No. 59. Google argues that plaintiffs cannot meet the superiority and adequacy requirements of Rule 23, because Google has entered into a settlement with the FTC over the same conduct underlying the instant suit. Plaintiffs oppose the motion to deny class certification, on the basis that a class action will provide better notice to the class, has the possibility of punitive damages, and because no discovery has taken place. Dkt. No. 61. For the reasons explained below, the court GRANTS the motion to deny class certification.

## I.  BACKGROUND

This lawsuit stems from allegations that Google charged users for unauthorized purchases made by minor children who were playing games downloaded from the Google Play Store.

Plaintiffs allege that Google sells Apps in the Google Play Store that are "designed to induce purchases of what Google refers to as 'In-App Purchases' or 'In-App Content,' *i.e.*, virtual supplies, ammunition, fruits and vegetables, cash, and other fake 'currency,' *etc.*, within the game in order to play the game as it was designed to be played ('Game Currency')." Dkt. No. 47 (FAC) at ¶ 3. These Apps are typically games directed toward minor children, and lead to unauthorized In-App Purchases by minor children without parental permission or knowledge. This is the case because "once the [Google Play Store] password is entered, Google permits the user, even if a minor, to make In-App Purchases and buy Game Currency for up to 30 minutes without reentering the password (the '30-minute window'). This practice enables minors to make these In-App Purchases, in one-click large-dollar-amount sums, without entering a password, causing Google to pocket millions of dollars from such transactions with minors and without the authorization of their parents, whose credit cards or PayPal accounts are automatically charged for the purchases." *Id.* ¶ 4.

Prior to the filing of the complaint, the Federal Trade Commission ("FTC") initiated an industry-wide investigation into the same conduct at issue here. The FTC has now settled with both Apple and Google. *See* Dkt. No. 59 at 1; FTC Press Release (Sept. 4, 2014), *available at* http://www.ftc.gov/news-events/pressreleases/2014/09/google-refund-consumers-least-19-million-settle-ftc-complaint-it. Plaintiffs do not dispute that the FTC settlement covers the same conduct at issue in this case. Pursuant to the FTC settlement, Google will "provide full refunds to Account Holders who have been billed by Google for unauthorized In-App Charges incurred by minors." Dkt. No. 59-1, Decision & Order, at § II. The settlement further provides that "Google shall provide an electronic notice to any Account Holder who has made an In-App Purchase." *Id.* § II.F. As of March 23, 2015, Google has issued approximately $30 million in refunds under the FTC settlement. Dkt. No. 63, Breithaupt Decl. ¶ 1.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 23(a) lists four conjunctive criteria that must be met to

certify a class action: numerosity, commonality of issues, typicality of the representative plaintiffs' claims, and adequacy of representation. Fed. R. Civ. P. 23(a). A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). The plaintiff bears the burden of demonstrating the requirements of Rule 23(a) are satisfied. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

In addition to fulfilling the four prerequisites of Rule 23(a), a class action must also meet one of the disjunctive requirements of Rule 23(b) by satisfying the criteria set forth in at least one of the three types of class actions. Fed. R. Civ. P. 23. Plaintiffs seek certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[1]

### III. ANALYSIS

Google argues that, in light of the FTC settlement, plaintiffs cannot meet the superiority or adequacy requirements of Rule 23. Specifically, Google maintains that a class action is not superior because the relief plaintiffs seek (refunds of the In-App Purchases) is already available through the FTC settlement, and pursuing a class action will actually result in a reduced recovery due to administrative costs and attorneys' fees. Second, Google argues that the class representatives are not adequate because they seek to maintain a costly class action when the class is better served through the FTC settlement. Plaintiffs' oppose the motion to deny, arguing that the FTC settlement provides inadequate notice to the class and does not allow for punitive damages. Plaintiffs also argue that at this point, before discovery has commenced, it is unclear

---

[1] Although Plaintiffs ask the court to treat Google's motion as a motion to strike class allegations under Rule 12, Google's motion is properly treated as a motion to deny certification under Rule 23. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009).

3
5:14-cv-01070-RMW
ORDER GRANTING MOTION TO DENY CLASS CERTIFICATION

whether punitive damages will be available. The court finds Google's position more persuasive.

Google argues that under *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975), the court should deny class certification. In *Kamm*, the Ninth Circuit affirmed the district court's dismissal of a class action where a state court settlement provided relief to the putative class. *Id.* at 213. *Kamm* found that a class action was not a superior method of adjudication in light of the following factors:

> (1) A class action would require a substantial expenditure of judicial time which would largely duplicate and possibly to some extent negate the work on the state level. (2) The class action would [be complex]. (3) Significant relief had been realized in the state action through (a) restitution to many members of the class; (b) [Defendants'] agreement to establish a program to settle future disputes; (c) a permanent injunction; and (d) a letter of credit in the amount of approximately $5,000,000 to guarantee funds for off-site improvements. (4) The state court retained continuing jurisdiction. (5) No member of the class is barred from initiating a suit on his own behalf. (6) Although the class action aspects of the case have been dismissed, appellants' action is still viable. (7) Defending a class action would prove costly to the defendants and duplicate in part the work expended over a considerable period of time in the state action. These factors as a whole support the conclusion of the district court that the class action was not a superior method of resolving the controversy.

*Id.* at 212 (footnotes omitted).

Plaintiffs argue that *Kamm* is not applicable to this case because *Kamm* "was, on its face, not suitable for class certification," while this case "is a model for class certification." Dkt. No. 61 at 5-6. The court does not find plaintiffs' argument distinguishing *Kamm* persuasive. Plaintiffs are correct that *Kamm* does not "compel this Court to deny class certification," *id.* at 5, but plaintiffs present no argument against applying the factors identified in *Kamm* to this case. The only factor plaintiffs do quibble with is the "expense to defendants." *id.* at 6 n.3. The court finds that it is appropriate to consider the duplicative cost to Google of defending against this class action in addition to the FTC investigation, as explicitly directed by the Ninth Circuit. *Kamm*, 509 F.2d at 212; *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 760 (3d Cir. 1974) ("Superiority must be looked at from the point of view (1) of the judicial system, (2) of the potential class

members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant.").

Applying the *Kamm* factors here supports a finding that this case does not meet the superiority requirement of Rule 23(b)(3). A class action would "require a substantial expenditure of judicial time which would largely duplicate" the work of the 18 month FTC investigation. *Id.* The putative class action involves thousands of Google Play users and individual purchases, including developing some way of determining which purchases were made by minors and unauthorized. The FTC settlement provides significant relief in the form of a complete refund and an injunction. The FTC settlement does not bar any class member from maintaining an individual action. And, defending this class action would "prove costly to the defendants and duplicate in part the work expended over a considerable period of time in the" FTC investigation. *Id.*

Plaintiffs' main argument in response to the motion to deny is that the FTC settlement did not recover any punitive damages, to which class members may be entitled under the CLRA. Dkt. No. 61 at 7-10. Plaintiffs argue that although the FAC does not seek punitive damages, "there is sufficient basis for a reasonable jury to award punitive damages in this case." Dkt. No. 61 at 7; FAC at ¶ 74.

The possibility of recovering punitive damages through a class action is not sufficient to overcome the comprehensive relief already provided in the FTC settlement. First, the court expresses its doubt that punitive damages would be available in this case. As defendant notes, punitive damages must be proved by "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. Second, the mere possibility of punitive damages does not overcome the *Kamm* factors. In *Kamm* the state court settlement only provided limited relief to the putative class: "It is true that not all members of the class appellants seek to represent will be protected by the California settlement; nor will the class recover an amount that is even close to that sought in the class action." 509 F.2d at 211. Specifically, the *Kamm* settlement totaled $3.3 million for underlying losses of up to $200 million.

5
5:14-cv-01070-RMW
ORDER GRANTING MOTION TO DENY CLASS CERTIFICATION

*Id.* at 207-08. The settlement did not cover all putative class members, and required the defendant to "use its best efforts to establish and implement a program to settle future disputes." *Id.* at 208. Nonetheless, the Ninth Circuit affirmed the district court's dismissal of the putative class action on superiority grounds. Here, given the heightened requirements to recover punitive damages, and the numerous hurdles plaintiffs face before even reaching a possible punitive award, the *Kamm* "factors as a whole support the conclusion . . . that the class action was not a superior method of resolving the controversy." *Id.* at 212. Further discovery on punitive damages will not change the fact that the FTC investigation was based on the same underlying conduct as the instant litigation, the FTC settlement provides complete refunds to the class members and enjoins Google from "billing an account for any In-App Charge without having obtained Express, Informed Consent to Google's billing that account for the In-App Charge." Dkt. No. 59-1 at 3. Because the FTC settlement provides nearly all, if not all, of the possible relief sought in the FAC, maintaining a class action for those class members who opt-out of the FTC refunds in order to pursue the possibility of punitive damages is not "superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3).

Finally, Plaintiffs criticize the e-mail notice Google provided to its customers of the FTC settlement. Plaintiffs argue that the FTC settlement did not provide adequate notice to the class because the FTC settlement only required Google to send one email to class members. Dkt. No. 61 at 4-5. Plaintiffs also complain that consumers had to "submit a refund request to Google." *Id.* at 5. Plaintiffs thus conclude that "there will inevitably be thousands, if not millions, of consumers who still have valid claims against Google and who were not compensated." *Id.* Plaintiffs offer no factual support for these arguments. Indeed, these complaints appear unfounded given that Google has already refunded over $30 million to class members, and the settlement period continues through December 2015. Dkt. No. 63, Breithaupt Decl. ¶ 1. Furthermore, it is unlikely that a class notice and claims process achieved through this litigation would be much different than that under the FTC settlement. Notice would likely involve email notice and an

online claim form, just as in the FTC settlement. Plaintiffs suggestion that their notice would include a better email subject line than the FTC email is not sufficient to meet Rule 23(b)(3)'s superiority requirement.

## IV. ORDER

For the reasons explained above, the court GRANTS the motion to deny class certification.

**IT IS SO ORDERED**.

Dated: April 3, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge